UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DESEAN ADAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>SGT. JOSHUA CLARK, et al.,<br><br>    Defendants. | Case No. 22-cv-00047-AMO (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 9 |

       Plaintiff has filed a motion for appointment of counsel in this *pro se* prisoner civil rights action under 42 U.S.C. § 1983. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). The court may seek counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under section 1915. *See id.*

       The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono* appointment. The proceedings are at an early stage and it is premature for the Court to determine plaintiff's likelihood of success on the merits. Moreover, plaintiff has been able to articulate his claims adequately *pro se* in light of the complexity of the issues involved. *See Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Accordingly, the request for appointment of counsel is DENIED without

prejudice.[1]

This Order terminates Docket No. 9.

**IT IS SO ORDERED.**

Dated:     July 5, 2023

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

---

[1] The Court may of course consider appointing of counsel later in the proceedings; that is, after defendants have filed their dispositive motion. At that time, the Court will be in a better position to consider the procedural and substantive matters at issue. Plaintiff may therefore file a renewed motion for the appointment of counsel after defendants' dispositive motion has been filed.