UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY DESEAN ADAMS,

    Plaintiff,

    v.

JOSHUA CLARK, et al.,

    Defendants.

Case No. 22-cv-00047-AMO (PR)

**SECOND ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff Henry Adams, who is currently incarcerated at the California Men's Colony, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 stemming from alleged constitutional violations while he was being held in the custody of the named and doe defendants from the Richmond Police Department ("RPD") and presumably at the Martinez Detention Facility, where he was previously incarcerated. Dkt. 1.

On July 7, 2022, the Honorable Judge Yvonne Gonzalez Rogers, who handled this matter prior to the undersigned, reviewed Adams's original complaint pursuant to 28 U.S.C. § 1915A and dismissed the complaint with leave to amend within twenty-eight days, with various instructions to correct certain deficiencies, including that Adams file an amended complaint that complies with the joinder requirements of Federal Rule of Civil Procedure 20(a). Dkt. 5.

On August 8, 2022, Adams filed an amended complaint attempting to address the flaws in his original complaint. Dkt. 6. On January 5, 2023, the Court reviewed Adams's amended complaint pursuant to 28 U.S.C. § 1915A and dismissed it with leave to amend within twenty-eight days, with various instructions to correct deficiencies similar to those in the original complaint. Dkt. 7. The Court again provided Adams with the rules regarding joinder of defendants as well as other pleading requirements. *See id.*

1    Adams has since filed a second amended complaint ("SAC"), which the Court now
2    reviews under 28 U.S.C. § 1915A. Dkt. 8. In his SAC, Adams names the following defendants
3    from the RPD: Sgt. Joshua Clark, Officer Kimberly Heartly, and Officer C. Groge. *Id.* at 2.
4    Adams seeks monetary and punitive damages. *Id.* at 3.

## II.   DISCUSSION

### A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.   Legal Claims

The claims in the SAC include multiple constitutional violations and state law claims against the defendants, including the following: identity theft "to purchase properties, vehicles, jewelry, and other items"; conspiracy; obstruction of justice; denial of Equal Protection; fraud; and "embezzle[ment] of large sums of money from [Adams]." *See* Dkt. 8 at 2-4. Again, Adams has failed to comply with the Court's instructions to file only claims against the named defendants that are properly joined. The SAC is *still* overbroad and includes multiple claims against the named defendants that Adams found objectionable during the time frame from April 4, 2021 to December 22, 2022. *Id.*

Adams lack of clarity and specificity of his claims precludes the Court from allowing a single claim to proceed. *See id.* As Judge Gonzalez Rogers instructed Adams in her January 5,

2023 Order, *see* Dkt. 7, the Court again reminds Adams his complaint must be tailored to the facts and specific allegations, not legal conclusions.

For instance, Adams claims all three defendants "conspired together to obstruct justice" and denied him his right to equal protection. Dkt. 8 at 4. To state a claim for a conspiracy to violate one's constitutional rights under 42 U.S.C. § 1983, a plaintiff must state specific facts to support the existence of the claimed conspiracy. *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004) (internal quotation and citation omitted). Conclusory allegations of conspiracy are not enough to support a section 1983 conspiracy claim. *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989). Rather, a plaintiff must plead with particularity which defendants conspired, how they conspired, and how the conspiracy led to a deprivation of the plaintiff's constitutional rights. *Harris v. Roderick*, 126 F.3d 1189, 1195-96 (9th Cir. 1997). To prove a conspiracy under section 1983, an "agreement or meeting of minds to violate [the plaintiff's] constitutional rights must be shown." *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). Here, Adams has not alleged facts sufficient to state a conspiracy claim under section 1983. *See* Dkt. 8 at 3-4. Specifically, it is unclear from the allegations in the complaint whether Adams is alleging that the correctional officers who allegedly obstructed justice by failing to forward his letters to the fraud unit, conspired to engage in such obstruction of justice, or whether Adams alleges they conspired to allow law enforcement to continue to embezzle money from him, or also conspired to cause other injuries to Adams separate from the alleged obstruction of justice. *See id.* Further, in the section of the complaint in which Adams sets forth his legal claims, he asserts that the defendants conspired to deprive him of "equal protection," but he does not specify which facts support his allegations of an equal protection violation. *Id.* at 4. Finally, Adams's conspiracy allegations are conclusory, in that he has not pleaded with particularity specific facts that would show the named defendants had an agreement or meeting of the minds to violate his constitutional rights. Based on the foregoing, Adams's conspiracy claim must be dismissed. Adams may, however, amend his conspiracy claim if he can in good faith allege facts, subject to proof, that cure the pleading deficiencies noted above.

The Court therefore DISMISSES the SAC with leave to file a third amended complaint

("TAC") that complies with the necessary pleading requirements, as set forth below.

The Court again reminds Adams that in filing his TAC, he should also comply with the appropriate rules regarding civil complaints. Rule 8(d) requires that each averment of a pleading be "simple, concise, and direct," and may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

In his TAC, Adams must provide a short and plain and separate statement regarding each claim: the specifics regarding the mistreatment he suffered, how it violated his constitutional rights, whether he suffered any injury as a result, and the conduct of each individual defendant that he asserts is responsible for a constitutional violation. Adams must specifically identify what each of the named defendant did or did not do in order to state a claim with regard to each separate claim. While Adams may attach exhibits in support of his claims, he must identify how each applies to his claims.

Also in his TAC, Adams must establish legal liability of each person for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the Adams can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the Adams complains. *See Leer*, 844 F.2d at 633; *see, e.g.*, *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability). Sweeping conclusory allegations will not suffice; Adams must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. *Leer*, 844 F.2d at 634. Further, to state a cognizable claim for relief, Adams must allege facts describing how each defendant was involved in, and caused, the alleged violations of his rights.

With regard to any supervisory employees named in this action, Adams should be mindful that a supervisor may be liable under section 1983 only upon a showing of (1) personal

involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, the TAC need not be long. In fact, a brief and clear statement with regard to each claim listing each of the defendant's actions regarding that claim is preferable. Adams should state his claims simply and need not present a lengthy history unrelated to the actions he complains about. The TAC should comply with Rule 8 and provide a brief and coherent recitation of his claims regarding only those defendants who are properly joined. Adams must also prove that he exhausted *all* of his claims against each defendant before he filed this action, which is an issue he has failed to address in his SAC.

Accordingly, the SAC is DISMISSED with leave to amend and Adams is given one ***last*** opportunity to correct the deficiencies outlined above.

## III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The SAC is DISMISSED with leave to amend, as indicated above. The Court repeats its instructions on how Adams may properly amend his claims, which is taken from Judge Gonzales Rogers's July 7, 2022 Order of Dismissal With Leave to Amend. *See* Dkt. 5 at 8-9.

Adams's SAC is DISMISSED with leave to amend in order to give him the opportunity to file a simple, concise and direct TAC which:

   a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

      i. Set forth **each claim** in a separate numbered paragraph;

      ii. Identify **each defendant** and the **specific action or actions each defendant took, or failed to take,** that allegedly caused the deprivation of the plaintiff's constitutional rights; and

          iii.      Identify the injury resulting **from each claim**;

    b.      Explains how he has exhausted his administrative remedies **as to each claim** as against **each defendant** *before* he filed this action as required by 42 U.S.C. § 1997e(a), or whether such remedies were "unavailable" to him within the meaning of the statute;

    c.      Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and defendants) or, stated differently, the amended complaint may only allege claims that:

          i.      Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

          ii.      Present questions of law or fact common to **all defendants**;

    d.      **Does not** make conclusory allegations linking each defendant by listing them as having direct involvement to his claims without specifying how each defendant was linked through their actions; and

    e.      **Does not** name any defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Adams cannot allege facts that would establish either supervisorial or municipal liability.

    2.      Within **twenty-eight (28) days** from the date of this Order, Adams shall file his TAC as set forth above. Adams must use the attached civil rights form, write the case number for this action—Case No. 22-cv-00047-AMO (PR)—on the form, clearly label the complaint "Third Amended Complaint," and complete all sections of the form. Because the TAC completely replaces the original and amended complaints, Adams must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original or amended complaints or his SAC by reference. If Adams wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed.

**Adams's failure to file his TAC by the twenty-eight-day deadline or to correct the**

**aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3.  It is Adams's responsibility to prosecute this case. Adams must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4.  The Clerk of the Court shall send Adams a blank civil rights complaint form along with his copy of this Order.

**IT IS SO ORDERED.**

Dated: November 15, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**