United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DESEAN ADAMS,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA CLARK, et al.,<br><br>Defendants. | Case No. 22-cv-00047-AMO (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

On November 15, 2023, the Court dismissed with leave to amend Plaintiff Henry Desean Adams's second amended complaint. Dkt. 13. Specifically, the Court granted Adams twenty-eight days from the date of the Order to file a third amended complaint ("TAC") to allege facts sufficient to state a cognizable constitutional claim. *See id.* at 2-5. Adams was warned that the failure to timely file a TAC would result in the dismissal of this action without prejudice. *Id.* at 6-7. The time for Adams to file his TAC has passed, and no TAC nor a request for an extension of time to do so, has been filed. Taking into account the salient factors set forth in *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), the Court finds that dismissal is warranted under Federal Rule of Civil Procedure 41(b).[1] *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 989, 992 (9th Cir. 1999) (affirming dismissal of action following plaintiff's failure to amend complaint after receiving leave to do so, where interest in expeditious resolution of litigation, court's management of its docket, and avoiding prejudice to defendants favored dismissal).

---

[1] If and when Adams is prepared to pursue his claims, he may file a new civil rights action. The limitations period to file a section 1983 action in California is two years, but it is tolled for up to two years during a continuous period of incarceration. *See Silva v. Crain*, 169 F. 3d 608, 610 (9th Cir. 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the limitations period for filing a section 1983 action in California is one year); S.B. 688 (amending Cal. Civ. Proc. Code § 340(3) and adding section 335.1 to establish two-year residual limitations period for personal injury actions); Cal. Civ. Proc. Code § 352.1(a) (providing for an additional two years of tolling during a period of continual imprisonment).

Accordingly, **IT IS HEREBY ORDERED** that the second amended complaint in the above-captioned action is **DISMISSED WITHOUT PREJUDICE.** The Clerk of the Court shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: February 12, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**